UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES FOR USE AND BENEFIT OF MAS BUILDING & BRIDGE., INC., <br>     Plaintiff, <br><br> v. <br><br> SHEPARD STEEL CO., INC., and HARTFORD CASUALTY INSURANCE COMPANY, <br>     Defendants. | **COMPLAINT** |

## INTRODUCTION

This action seeks payment by subcontractor, MAS Building & Bridge, Inc. ("MAS"), under the Miller Act (40 U.S.C. §§ 3131, *et seq.*) with regard to payment bond number 14BCSIF0310 issued by the Hartford Casualty Insurance Company ("Surety") on behalf of its principal/general contractor, Asturian Group, Inc. ("Asturian"), for completed federal project work. MAS also asserts a breach of contract claim againsefendant, Shepard Steel Co., Inc. ("Shepard"). Plaintiff, MAS, was Shepard's steel erection subcontractor on the Columbia Class Land Based Test Facility Addition – Building 1176 – in Newport, Rhode Island (the "Project"). Asturian created intentional pretext; namely, a bogus back charge to Shepard, which Shepard passed through to MAS, to avoid paying MAS $153,212.18 for its completed work.

Moreover, despite receiving clear evidence of Asturian's bad faith pretext, the Surety breached its duty to make payment under the above-referenced payment bond.

Accordingly, MAS brings this action to recover all amounts due.

## PARTIES

1. Plaintiff, MAS Building & Bridge, Inc. ("MAS"), is a Massachusetts corporation with a principal place of business located at 18 Sharon Avenue, Norfolk, MA 02056.

2. Defendant, Shepard Steel Co., Inc. ("Shepard"), is a Connecticut corporation with a principal place of business located at 110 Meadow Street, Hartford, CT 06114.

3. Defendant, Hartford Casualty Insurance Company ("Surety"), is a surety approved to do business in Rhode Island, with a principal place of business located at 201 N Illinois Street, 16th Floor, Indianapolis, IN 46204 with a Rhode Island service of process contact located at 450 Veterans Memorial Parkway, Suite 7A, East Providence, Rhode Island, 02914.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action under 40 U.S.C. §§ 3131, *et seq.* (so-called "Miller Act") because it seeks payment pursuant to a performance bond concerning a federal construction project performed in the State of Rhode Island.

5. The State Court jurisdiction over Shepard pursuant to R.I. Gen. Laws, § 9-5-33 and, thus, this Court has jurisdiction over Shepard via Fed. Rules of Civil Procedure, Rule 4(k)(1)(a)

6. The Court has pendent and supplemental jurisdiction over claims brought under Rhode Island law pursuant to 28 U.S.C. §1367(a).

7. Venue is proper pursuant to 28 U.S. Code §§1391(b) and (c), and 40 U.S.C. § 3133 (b)(3)(B), as the contract at issue was performed in Rhode Island.

## STATEMENT OF FACTS

8. On or about September 2019, Asturian Group, Inc. ("Asturian" or "Prime Contractor") entered into Contract/Purchase Order Agreement No. N4008516D3041 ("Prime Contract") with NAVFAC MID Atlantic PWD Newport ("Awarding Authority") for the Columbia Class Land Based Test Facility Addition-Building 1176 ("Project").

9. On information and belief, Asturian subcontracted ("Subcontract") a portion of its work ("Work") on that Project to Shepard.

10. On or about November 24, 2020, MAS entered into a subcontract agreement with Shepard ("Sub-subcontract") pursuant to which MAS was to perform some aspect of the Work in the Subcontract.

11. As required under the Miller Act (40 U.S.C. §3131, *et seq.*), Asturian as principal, procured payment bond number 14BCSIF0310 ("Bond") from the Surety.

12. Both Shepard and MAS are intended beneficiaries of the Bond.

13. Through the Bond, Asturian and Hartford bound themselves jointly and severally in the sum of $5,476,293.00.

14. On or about November 30, 2021, a crane incident occurred on the Project.

15. Asturian thereafter unreasonably interfered with and otherwise delayed MAS's ability to perform its work timely.

16. For example, Asturian delayed submitting MAS's recovery plan for a month.

17. MAS proceeded to fully and completely perform all the work required under the Sub-subcontract as timely as Asturian's delays would permit.

18. Despite causing such delay, Asturian backcharged Shepard for its delays.

19. Thereafter, Shepard backcharged MAS for Asturian's delays.

20. MAS timely submitted its payment applications. Shepard, however, deducted from such payment applications Asturian's backcharges.

21. MAS disputes the amount of the backcharge.

22. MAS has repeatedly made demands for payment to both Shepard and the Surety under the Bond.

23. MAS timely provided notice of its non-payment under the Miller Act to both Asturian and Hartford including, without limitation, correspondence dated September 1, 2022, and December 22, 2022.

24. More than 90 days have elapsed since service of such notices and the filing of this Complaint.

25. This Complaint was filed within the first year following MAS's completion of its work under the Sub-subcontract.

26. MAS has complied with all the requirements of the Miller Act for the service, filing, and prosecution of this action.

## COUNT I
### (U.S.C. §§ 3131, 40 *et seq.* Miller Act Payment Bond Claim Against Hartford)

27. MAS repeats and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

28. MAS has properly fulfilled all of its obligations under the Sub-subcontract.

29. Shepard has failed to pay MAS amounts due under the Sub-subcontract.

30. Under the Miller Act, the Bond is enforceable against the Surety in the amount due to MAS.

31. The Surety is obligated to pay MAS from the Bond the amounts due to MAS.

32. The Surety has breached its obligations under the Bond by failing to pay MAS the amounts to which MAS is entitled.

33. Surety has, without excuse or justification, failed and refused to pay MAS, despite its obligations to MAS under the Bond.

34. MAS has been damaged by Surety's failure and refusal to perform its obligations to MAS under its Bond.

**WHEREFORE**, MAS requests that the Court order the Defendant, Hartford Casualty Insurance Company, to pay all damages caused to MAS, plus its attorneys' fees, costs and interest, and order any other relief to which MAS is entitled.

## COUNT II
### (Breach of Contract Against Shepard)

35. MAS repeats and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

36. MAS fulfilled its obligations under the Sub-subcontract.

37. Shepard owes MAS payment for work performed under the Sub-subcontract.

38. Shepard's failure to pay MAS constitutes a material breach of the Sub-subcontract.

39. Shepard's breach damaged MAS and Shepard's breach was the direct and proximate cause of MAS's damages.

**WHEREFORE**, MAS requests that the Court order the Defendant, Shepard Steel Co., Inc., to pay all damages caused to MAS, plus its attorneys' fees, costs and interest, and order any other relief to which MAS is entitled.

## JURY DEMAND

To the fullest extent permitted by law, MAS demands a jury trial.

**MAS BUILDING & BRIDGE, INC.**,
By its attorney,

/s/ Greg Vanden-Eykel
Greg Vanden-Eykel (BBO#8623)
KENNEY & SAMS, P.C.
Reservoir Nine
144 Turnpike Road, Suite 350
Southborough, MA 01772
T: (508) 490-8500
F: (508) 490-8501
sgvandeneykel@KSlegal.com